FILED
MISSOULA, MT

2006 NOV 15 PM 5 09

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| CHRISTOPHER LEE OSTERLOTH, ) | CV 06-152-M-JCL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| SHERIFF HUGH HOPWOOD; UNDERSHERIFF ) | |
| MIKE JOHNSON; OFFICER KEITH MILES, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Osterloth has filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights stemming from a pat search performed on Osterloth and other inmates at the Mineral County Jail. Osterloth claims that the search violated his Eighth Amendment right to be protected against cruel and unusual punishment, and raises additional constitutional claims based on the jail's failure to institute a grievance policy and failure to afford him a hearing before

-1-

placing him in one week's lockdown for disruptive conduct following the pat searches.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Lynch issued Findings and Recommendations on October 11, 2006, in which he recommends dismissal of the Complaint for failure to state a claim upon which relief can be granted. Plaintiff Osterloth did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch explained that the pat search was well within constitutional bounds under Eighth Amendment case law, as it was not as invasive as other searches that have been upheld against Eighth Amendment challenge. With regard to the claim that the jail must have a grievance procedure, the Magistrate explained that the Constitution does not guarantee entitlement to a

-2-

grievance procedure, citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and noted that Osterloth does not allege that he was prevented from airing his grievance.  Finally, Judge Lynch explained that an inmate who has already pled guilty, as Osterloth had, is not entitled to due process before he may be subjected to a seven-day lockdown, citing Resnick v. Hayes, 213 F.3d 443, 447-48 (9th Cir. 2000).

I can find no clear error with Judge Lynch's Findings and Recommendations (Doc. No. 6) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED for failure to state a claim.

IT IS FURTHER ORDERED that Plaintiff Osterloth's filing of this action constitutes a strike for purposes of 28 U.S.C. § 1915(g).

DATED this 15 day of November, 2006.

Donald W. Molloy, Chief Judge
United States District Court